IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK L. VINCENT, | ) | |
| Petitioner, | ) | Civil Action No. 11-248 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WESTERN DISTRICT COURT | ) | |
| OF UNITED STATES, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER[1]

Pending before the Court is Petitioner Patrick L. Vincent's petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court denies the petition.

### I.

Petitioner is challenging the Bureau of Prisons' (the "Bureau's" or the "BOP's") computation of his federal sentence.[2] He claims that he is entitled to additional sentencing credit for the time that he spent on federal pretrial home confinement. He also claims that he is entitled to relief because of his "extraordinary rehabilitation," in that he has "completed 20 hours of the basic drug program and is waiting to be put in the 400-hour non-residential program." [ECF No. 9 at 1-2].

**A.** **Relevant Background**

The following facts are not in dispute. On April 16, 2008, City of Niagara Falls Police Officers responded to a "burglary-in-progress" at a local apartment. When the officers arrived, the rear door

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is calculating his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

1

exhibited damage consistent with a forced entry. Inside the apartment, Petitioner was observed talking on a cellular telephone. When he saw the officers, he attempted to stuff a quantity of cocaine base (crack) into the cushions of the couch. The officers also observed a silver handgun on a table in close proximity to him. A digital scale with white residue, a razor, and a bag containing 19 rounds of .357 Magnum ammunition were found at the scene. The City of Niagara Falls Police arrested Petitioner and he was released on bail that same day.

A few months later, on July 31, 2008, the Grand Jury for the Western District of New York returned an Indictment in Case No. 1:08-CR-00197-001. It charged Petitioner with four counts stemming from the incident that occurred on April 16, 2008.

On February 14, 2009, Erie County Law Enforcement arrested Petitioner for assault and harassment. On February 24, 2009, he was bailed out and was transferred to the U.S. Marshals' custody to face the federal charges at Case No. 1:08-CR-00197-001 (W.D. N.Y).

On or around March 16, 2009, after a detention hearing presided over by U.S. Magistrate Judge H. Kenneth Schroeder, Jr., petitioner was released on bond to home incarceration and electronic monitoring. Petitioner remained released on bond until April 23, 2010. On that date, the City of Niagara Falls Police observed him on a local street making a drug deal. He was stopped after a hand to hand exchange with another individual. A bag containing crack cocaine was observed sticking out of his left coat pocket. The bag contained individually packaged quantities of crack cocaine and weighed approximately 4 grams. The City of Niagara Falls Police arrested him on that day and charged him with two counts of criminal possession of a controlled substance.

On May 10, 2010, Petitioner was released on a personal recognizance bond from the City of Niagara Falls Police Department and immediately remanded to the custody of the U.S. Marshals for violation of his federal pretrial supervised release. Petitioner subsequently entered a plea of guilty in his

federal criminal case before the Western District Court of New York to Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), and Use of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).

On August 5, 2010, Petitioner appeared before the Western District Court of New York for sentencing. It imposed at total aggregate term of 84-months of imprisonment. The BOP calculated Petitioner's federal sentence to have commenced pursuant to 18 U.S.C. § 3585(a) on the date it was imposed (August 5, 2010). It also determined, in accordance with 18 U.S.C. § 3585(b) and applicable policies, that he was not entitled to any sentencing credit for the time he spent on pretrial home-confinement.

In May of 2011, Petitioner submitted an "Informal Resolution Form" in which he requested credit for the nine months that he was on pretrial home detention and subject to electronic monitoring (that is, from on or around March 16, 2009, to December 15, 2009). [ECF No. 18-3 at 7]. That request was denied. [ECF No. 18-3 at 9]. Petitioner then filed an administrative remedy request with the Warden in which he once again requested "credit for 9 months of home confinement." [ECF No. 18-3 at 10]. The Warden denied his request, for reasons that will be discussed below. [ECF No. 18-3 at 11].

Petitioner next filed a Regional Administrative Remedy Appeal, in which he requested "credit for my 9 months of home detention." [ECF No. 18-3 at 14]. In his Answer, Respondent explains that for reasons that are unclear Petitioner's filing was docketed at the wrong number and that, as a result, on June 22, 2011, the appeal was rejected upon the incorrect conclusion that Petitioner had not first filed an informal resolution or an administrative remedy request with the Warden. [ECF No. 18-3 at 16]. For reasons that he has not explained, Petitioner did not point out the case-numbering change, challenge the rejection of his regional appeal, or file any other formal grievance at any level. [ECF No. 18-3 at 3].

In the instant petition, Petitioner seeks an order from this Court directing the BOP to give him credit for the nine months he spent on home detention. He also seeks credit for "extraordinary rehabilitation" because he completed 20 hours of a basic drug program. BOP records reveal that Petitioner has never filed any grievance at any level concerning the claim he makes here for credit for "extraordinary rehabilitation." [ECF No. 18-3 at 3].

Respondent has filed an Answer [ECF No. 18] in which he contends that Petitioner's claims should be denied because he failed to exhaust them.[3] Respondent also asserts that the BOP has calculated Petitioner's sentence in accordance with the applicable laws and policies and that he is not entitled to credit for the nine months that he spent on home detention.

**B.**     **Discussion**

  **(1)**     **Petitioner Failed to Exhaust His Claims**

A federal prisoner who is seeking habeas relief under 28 U.S.C. § 2241 must first exhaust administrative remedies before filing his petition in federal court. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. See, e.g., Moscato, 98 F.3d at 761-62.

---

[3]     Because Petitioner was incarcerated at the Federal Correctional Institution in McKean County, Pennsylvania, at the time he filed the petition, its Warden, Bobby L. Meeks, is the proper Respondent.

The administrative remedy procedure for federal prisoners bringing a 28 U.S.C. § 2241 petition is set forth in the Federal Regulations. Inmates must first attempt informal resolution of their complaints under procedures set forth by the Warden at the institution where the origin of the complaint occurred. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden. If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director. If the inmate is dissatisfied with the Regional Director's response, he may file a Central Office Appeal with the Office of General Counsel in Washington, D.C. Appeal to the Office of General Counsel is the final administrative appeal in the BOP.

As set forth above, after the Regional Director denied Petitioner's appeal he did not seek further review with the Office of General Counsel. He should have done so in order to point out that the case number on his appeal was wrong and that that error resulted in the Regional Director erroneously concluding that he had failed to complete the earlier stages of the administrative review process. Respondent also suggests that Petitioner could have filed another administrative remedy pointing out the error, but he failed to do that as well. BOP records also demonstrate that Petitioner has never filed any grievance at any level concerning the claim he makes here for credit for "extraordinary rehabilitation" because he completed 20 hours of a basic drug program. [ECF No. 18-3 at 1-20].

Thus, the record establishes that: (1) Petitioner did not complete the appeal process for his complaint that he was entitled to an additional nine months of prior custody credit; and, (2) he never pursued available administrative remedies with respect to his "extraordinary rehabilitation" claim. Therefore, Respondent is correct that Petitioner's claims are subject to denial for failure to exhaust and they are denied for that reason.

### (2)     Petitioner Is Not Entitled To Nine Months of Sentencing Credit

Although it is subject to denial for failure to exhaust, the Court shall, in an abundance of caution, review Petitioner's claim that he is entitled to nine months of prior custody credit for the time he spent in home detention from on or around March 16, 2009, to December 15, 2009.  The Court will do so because Petitioner did raise that claim to the Regional Director and it was denied based upon the erroneous determination that he had not completed the appropriate earlier review steps.

The BOP is the agency charged with administering 18 U.S.C. § 3585, which is the statute that governs when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began.  Reno v. Koray, 515 U.S. 50, 59 (1995) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)).  Paragraph (b) of § 3585 governs the amount of credit an inmate may receive for time served in official detention prior to the commencement of his federal sentence.[4]  It provides:

> (b)  Credit for prior custody.  -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent **in official detention** prior to the date the sentence commences –
>
> (1)     as a result of the offense for which the sentence was imposed; or
>
> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

(Emphasis added).

The BOP has determined that Petitioner is not entitled to the prior custody credit for the time he was on home detention because he was not "in official detention" during that time.  As the Warden explained to Petitioner when he denied his administrative remedy request:

---

[4]     As set forth above, Petitioner's federal sentence commenced on the date it was imposed (August 5, 2010) pursuant to 18 U.S.C. § 3585(a).

6

> A review of the record reveals that on March 20, 2009, the court issued an order for Release to Personal Recognizance or Unsecured Bond. The release order contained an additional condition for home incarceration with electronic monitoring. On September 30, 2009, bond conditions were changed from home incarceration to curfew, and on December 15, 2009, the curfew was removed. Prior custody credit is awarded from time spent in official detention. According to the court docket for your case no detention order was ever issued. Release on bond is not considered "official detention." Your computation is correct.

[ECF No. 18-3 at 11].

The BOP's decision with regard to Petitioner's prior custody credit is in accordance with its policies, which are set forth in Program Statement 5880.28, <u>Sentence Computation Manual</u> ("PS 5880.28"). When discussing the policies relevant to the application of § 3585(b), PS 5880.28 provides:

> **Official detention.** "Official detention" is defined, for purposes of this policy, as time spent under a federal detention order. This also includes time spent under a detention order when the court has <u>recommended</u> placement in a less secure environment or in a community based program as a condition of presentence detention….
>
> In <u>Reno v. Koray</u>, 115 S.Ct. 2021 (1995), the U.S. Supreme Court held that time spent under restrictive conditions of release (including time spent in a community treatment center (CCC) or similar facility) was not official detention entitling an inmate to prior custody time credit under 18 U.S.C. § 3585(b). The court found that the interaction of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of Prisons' interpretation that a defendant is **either released** (with no credit for time under conditions of release) **or detained** (with credit for time in official detention).
>
> - - -
>
> The <u>Koray</u> decision means, therefore, that time spent in residence in a CCC or similar facility as a result of the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143, former 3146), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence. In addition, a release condition that is "highly restrictive," and that includes "house arrest," "electronic monitoring" or "home confinement"; or such as requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention. **In short, under <u>Koray</u>, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.**

- - -

> Official detention does not include any time in a release status even though the defendant is considered "in custody" for purposes of pursuing a habeas corpus petition with the court, as cited by the U.S. Supreme Court in <u>Hensley v. Municipal Court</u>, 411 U.S. 345 (1973) (<u>see</u> <u>also</u> <u>Cochran v. U.S.</u>, 489 F.2d 691 (5th Cir. 1974); <u>Villaume v. United States</u>, 804 F.2d 498 (8th Cir. 1986) (per curiam), <u>cert. denied</u>, 481 U.S. 1022 (1987)).

PS 5880.28, Page 1-14F-14H, 1-16 (all emphasis in original).

BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." <u>Koray</u>, 515 U.S. at 61. The BOP policies at issue in this case are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in <u>Chevron U.S.A. v. National Resources Defense Council</u>, 467 U.S. 837 (1984). They are, however, entitled to deference from this Court so long as they set forth "a permissible construction of" the statutes at issue. <u>Blood v. Bledsoe</u>, 648 F.3d 203, 208 (3d Cir. 2011), <u>cert. denied</u>, 132 S.Ct. 1068 (2012); <u>Koray</u>, 515 U.S. at 61-65.

In this case, the Court must defer to the policies the BOP applied in making its determination that Petitioner is not entitled to prior custody credit for the time spent on home detention. Its determination is in accordance with its interpretation of § 3585(b) and its policies applying that statute, and this Court cannot conclude that those policies are an impermissible construction of § 3858(b). <u>Koray</u>, 515 U.S. at 56-65 (it was an error for court of appeals to fail to defer to the BOP's interpretation of the phrase "official detention" and its determination that time spent under restrictive conditions while released on bail is not "official detention" under § 3585(b)).

## II.

Based upon all of the forgoing, there is no basis for this Court to disturb the BOP's calculation of Petitioner's federal sentence. Accordingly, his petition is denied.[5] An appropriate order follows.

---

[5] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK L. VINCENT,** | ) | |
| Petitioner, | ) | Civil Action No. 11-248 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **WESTERN DISTRICT COURT** | ) | |
| **OF UNITED STATES, et al.,** | ) | |
| Respondents. | ) | |

**ORDER**

AND NOW, this 15th day of January, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record